FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CASE NO.:  4:08-cr-00244-JEO |
| | ) |
| MARLON K. GULLION | ) |

### MEMORANDUM OPINION

Before the court is the motion to dismiss the information filed by the United States Attorney for the Northern District of Alabama.  (Doc. 8).  Upon due consideration of the pleadings filed by the parties, the court finds that the motion is due to be denied.

### DISCUSSION

The defendant was charged on June 20, 2008, in a two-count information.  The first count charges that the defendant drove a "motor vehicle while there was 0.08 percent and more by weight of alcohol in his blood" and while he was "under the influence of alcohol," in violation of 18 U.S.C. § 13(a) and Alabama Code § 32-5A-191(a)(1) and (a)(2).  (Doc. 1).  The second count alleges that the defendant illegally possessed alcohol in a dry county, in violation of 18 U.S.C. § 13(a) and Alabama Code § 28-4-20.

The defendant filed his motion to dismiss alleging that the first count is due to be dismissed "because this information does not apprise the defendant of what is called upon to defend.  Likewise, the United States of America should be ordered to elect under which subsection it is proceeding."  (Doc. 8 at ¶ 3).  He further alleges that "[d]ue [p]rocess of the law requires that the defendant be apprised of the nature of the charges so he can be called upon to defend and to formulate his defense. . . ."  *Id*. at ¶ 4.

The United States has filed a response asserting that the court should resolve the present

motion through reference to applicable State law.  (Doc. 13 at pp. 1-2).  In support of its response, the United States relies upon *Sisson v. State*, 528 So. 2d 1159 (Ala. 1988) and *Bryant v. City of Gadsden*, 574 So. 2d 919 (Ala. Crim. App. 1990).

In *Sisson*, the Alabama Supreme Court held, *inter alia*, "that driving 'under the influence of alcohol and driving with .10%[1] or more by weight of alcohol in one's blood' are but one offense . . . ."  *Id*., 528 So. 2d at 1163.  In sum, the court determined that the Alabama Legislature "provided that the offense can be proved by two alternative methods."  *Id*.  In *Bryant*, the Alabama Court of Criminal Appeals held that where the Uniform Traffic Ticket and Complaint specified that both parts of § 191(a) were violated, the defendant was properly charged.  *Id*., 574 So. 2d at 920.  The court stated:

> "Section 32-5A-191(a)(1) and (2) are merely two different methods of proving the same offense - driving under the influence." *Sisson v. State*, 528 So. 2d 1159, 1162 (Ala. 1988).  The two subsections are "merely alternative methods of proving the same crime." *Id*.  "When an offense may be committed by different means or with different intents, such means or intents may be alleged in an indictment in the same count in the alternative." Ala. Code 1975, § 15-8-50.  *See McLaughlin v. City of Homewood*, 548 So. 2d 580 (Ala. Cr. App. 1988).

*Id*.  The United States also relies on the holding in *Schad v. Arizona*, 501 U.S. 624, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991), that it is "a long-established rule of the criminal law that an indictment need not specify which overt act, among several named, was the means by which a crime was committed."  *Id*., 501 U.S. at 631.

In view of the foregoing, the defendant's motion is due to be denied.  The information is sufficient to place him on notice of the charge and to allow him to formulate a defense.  It clearly alleges that he must defend the charge that he was operating a vehicle on federal property on

---

[1] .08% under existing, applicable law.

2

December 16, 2007, while his blood alcohol was above the legal limit and while he was under the influence of alcohol. That is all that is required under the Due Process Clause.

## CONCLUSION

Premised on the foregoing, the court finds that the defendant's motion to dismiss the information is due to be denied. Similarly, the court finds no reason to require the United States to elect between the two contentions in Count One. An order consistent with this finding will be entered.

**DONE**, this the 14th day of August, 2008.

*John E. Ott*
_____
**JOHN E. OTT**
United States Magistrate Judge